492 A.2d 1166

**ESTATE OF Anna BURIAK, Appellee,**

**v.**

**Annie SPERL and Edward G. Sperl, her husband, Appellants.**

Superior Court of Pennsylvania.

Argued March 4, 1985.

Filed May 24, 1985.

John B. McCue, Kittanning, for appellants.

Frederick L. John, II, Kittanning, for appellee.

Before BROSKY, WIEAND and LEDERER,* JJ.

WIEAND, Judge:

The subject of this equity action was a deed executed March 2, 1979 by Anna Buriak, widow, to her daughter, Annie Sperl, and her son-in-law, Edward Sperl, purporting to convey a dwelling and tavern. Mrs. Buriak had lived in the dwelling with her daughter and son-in-law, who had also operated the tavern, from 1972 to 1979. On April 30, 1979, Mrs. Buriak filed a complaint in equity to set aside the deed. After her death at the age of 81 on March 14, 1980, the personal representative of her estate was substituted as plaintiff in the action. The trial court found as a fact that Mrs. Buriak had been suffering from arteriosclerosis at the time of executing the deed and that as a consequence she had undergone alternating periods of lucidity and also of bewilderment and confusion. Because of her weakened mental condition, she had come to rely almost entirely upon her daughter and son-in-law for her care. She had relied upon them not only to provide her daily needs but also to tend to her business affairs. Of necessity, therefore, she had come to place absolute trust in her daughter and son-in-law. Because a confidential relationship had existed between the grantor and grantee and because the grantees had failed to show the absence of undue influence, the court concluded that the deed should be set aside as a product of undue influence. This appeal followed. We affirm.

The findings of a chancellor in equity, if supported by the evidence, will not be disturbed on appeal. *Kazanjian v. New England Petroleum Corporation*, 332 Pa.Super. 1, 4, 480 A.2d 1153, 1155 (1984). Here, the evidence supported the finding that Anna Buriak had become completely dependent upon her daughter and son-in-law and that she had trusted them to attend to her affairs. From this the

* The Honorable William J. Lederer, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

court could properly conclude that there had existed a confidential relationship.

> Although no precise formula has been devised to ascertain the existence of a confidential relationship, it has been said that such a relationship is not confined to a particular association of parties, but exists whenever one occupies toward another such a position of advisor or counselor as reasonably to inspire confidence that he will act in good faith for the other's interest.

*Estate of Keiper,* 308 Pa.Super. 82, 86, 454 A.2d 31, 33 (1982), quoting *Silver v. Silver,* 421 Pa. 533, 537, 219 A.2d 659, 662 (1966).

 Where a confidential relationship is shown to exist, the burden is upon the dominating party to a transaction to prove by clear and satisfactory evidence that the agreement or deed was the free, voluntary and independent act of the other party, entered or executed with a knowledge and understanding of the nature, terms and consequences thereof. The dominating party has the burden of proving that the transaction was unaffected by undue influence, imposition, deception or fraud. *Kees v. Green,* 365 Pa. 368, 375, 75 A.2d 602, 605 (1950). Thus, in the instant case, the burden was upon the grantees to show that the deed had been the voluntary and independent act of the grantor, unaffected by undue influence or imposition. Appellants' evidence in this respect was inadequate. The evidence showed that Mrs. Sperl arranged to have the deed prepared by her attorney and obtained her mother's signature thereon despite an expressed desire by her mother that all the children should share equally therein. In this respect it is also significant that Mrs. Sperl arranged to have the deed acknowledged by a notary public who was not present at the time of execution and did not thereafter speak with the grantor to ascertain whether the conveyance had been her voluntary act and deed. Under these circumstances the trial court could properly cause the deed to be set aside as a product of undue influence.

Order affirmed.